[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION FOR CONTEMPT (NO. 110)
The parties in this case married each other twice and divorced twice. In the dissolution judgment entered in this case March 8, 1990 (Vasington, J.), the plaintiff was ordered to assign his interest in a certain note and mortgage deed (McDonald mortgage) to the defendant.
The assignment of the McDonald mortgage was never prepared by counsel, or executed by the plaintiff. Nonetheless, the defendant continued to receive the monthly mortgage payments. The parties remarried and then divorced each other again on August 26, 1993 (Docket No. 525248, Mihalakos, J.). Nothing occurred after the 1990 judgment, which would have affected the assignment of the plaintiff's interest in the McDonald mortgage to the defendant, or the defendant's title to the McDonald mortgage.
Thereafter, the McDonalds paid the mortgage off in full, and a check for the mortgage balance was issued to the plaintiff and defendant jointly, as the record title to the McDonald mortgage deed and note still remained in the couple's name. The plaintiff refused to endorse the check over to the defendant and this proceeding ensued. The plaintiff appeared pro se. At the hearing, the court ordered the check to be endorsed by both parties and held in escrow by the defendant's attorney in an interest bearing account, which order was complied with. CT Page 1532
From the evidence, a review of the transcript of the proceedings before Judge Mihalakos, and the parties' financial affidavits and separation agreement submitted to him, I find that the plaintiff could have reasonably believed that he may have been entitled to an interest in the McDonald mortgage. The failure to promptly prepare and execute an assignment of the McDonald mortgage and an endorsement of the underlying note, in order to effectuate the court's 1990 judgment, taken together with the failure of the parties to specifically refer to it in their 1993 separation agreement and the judgment upon which it was based created ambiguity and uncertainty as to the respective interests of the parties in the McDonald mortgage proceeds.
Thus, as his misapprehension was reasonable under all the circumstances, I do not find the plaintiff in contempt.
It is also evident, however, that the plaintiff's interest in the McDonald mortgage was assigned to the defendant, and he has no further interest therein.
Accordingly, the defendant's motion for contempt is denied. The proceeds of the McDonald mortgage, being the property of the defendant, shall be turned over to her forthwith. No award of attorney's fees is made.
Teller, J.